# JUNE, 1945

T. S. CURRIE ET AL V. MARY HARDIN SCOTT ET AL.

No. A-464. Decided May 9, 1945.
Rehearing overruled June 6, 1945.
(187 S. W., 2d Series, 551.)

2

*Wagstaff, Harwell, Douthit & Alvis,* of Abilene, and *Morrison & Morrison,* of Big Spring, for petitioners.

The Court of Civil Appeals erred in holding that when a testatrix disposes of her properties by specific devises and bequests, and one piece of property so devised is encumbered and the testatrix does not make provision or for the payment of such indebtedness out of other properties, that all parties received specific devises are required out of their properties so received, to contribute ratably to the payment of the indebtedness against the one encumbered tract. Moss v. Helsley, 60 Texas 426; Houston Land & Trust Co., v. Campbell, 105 S. W. (2d) 430; 69 C. J. 919; 28 R. C. L. 305.

*Doss & Overshiner,* of Abilene, for respondents.

The encumbrance which plaintiffs sought to have discharged by the administrator, was secured by vendor's lien and the superior title to the land, retained by the vendor, had priority over all claims against the estate of the decedent. Greer Mills & Co. v. Estate of Riley, 92 Texas 699, 701; Robertson v. Paul, 16 Texas 472, 477.

MR. JUDGE SMEDLEY, of the Commission of Appeals, delivered the opinion for the Court.

The essential question presented by this record for decision is: Are the respondents, Mrs. Scott and Mrs. Singleton, to whom the testatrix devised a section of land which was encumbered to secure a debt owed by her, entitled to have the section of land exonerated from the lien by subjecting to the payment of the debt interests in other land that were specifically devised to petitioners Hardin-Simmons University, Hendrick Memorial

Hospital, Buckner Orphan's Home and East Fourth Street Baptist Church of Big Spring. The parties last named will be referred to as petitioners, they being the petitioners beneficially interested.

The testatrix, Mrs. Phillips, by Item Eighth of her will, devised section No. 66 and the southwest one-fourth of section No. 15 in Taylor County to her nieces, Mrs. Scott and Mrs. Singleton, in equal interests. When the will was executed and when the testatrix died, section 66 was encumbered by a deed of trust lien created by a former owner to secure the payment of a note payable in semi-annual installments to the Federal Land Bank of Houston, Texas. Mrs. Phillips, by the terms of the deed conveying the land to her, assumed the payment of the unpaid balance of that note. When this suit was filed the unpaid balance amounted to approximately $2,000.00. This indebtedness was not mentioned in the will. In other items of the will other specific devises not material here were made.

The testatrix owned an undivided one-half interest in the oil, gas and other minerals in five sections and fractional sections of land in Glasscock County, which are definitely described in the will. By Item Thirteen of the will she devised this undivided one-half interest in the minerals in the said land "for benefits, purposes and uses as follows": * * * "$50.00, monthly, payments to East Fourth Street Baptist Church in Big Spring. Texas"; certain other small payments not material here; "ONE-THIRD of balance or proceeds of balance to Hardin-Simmons University; ONE-THIRD to Hendrick Memorial Hospital for crippled children, both located in Abilene, Taylor County, Texas; ONE-SIXTH to East Fourth Street Baptist Church in Big Spring * *; ONE-SIXTH to Buckner Orphan Home." The last sentence of Item Thirteenth is: "Each of the funds thus provided for is to be perpetual, only interest drawn upon and applied."

The will appoints petitioner T. S. Currie independent executor of the estate and trustee "for management of properties and revenues, passing the gathering to beneficiaries for distribution by their respective Trustees or constituted agencies."

There is no residuary devise or bequest, no mention is made of debts owing by the testatrix and no direction is given for the payment of such debts.

Material findings of fact made by the trial court and supported by evidence are as follows:

The testatrix specifically devised and bequeathed all of her property, except cash on hand of about $2,700.00 and stocks and bonds which, when she died, did not exceed $4,500.00 in value. The cost of probating the will, paying the inheritance taxes, together with funeral expenses and general unsecured debts, and of administering the estate down to the time when the contest of the will was concluded was approximately $7,000.00, being about $2,500.00 more than the value of the property which was left by the testatrix and not specifically devised or bequeathed. The executor used at least $2,000.00 of money from oil runs received from mineral interests specifically devised to petitioners in paying funeral expenses, inheritance taxes, costs of probating the will and general unsecured debts and in administering the estate. He had at the time of the trial, of the property not specifically devised or bequeathed, stocks and bonds of the reasonable market value of $2,000.00, but the same did not equal the value of what had been taken from the proceeds of property specifically devised to petitioners and used in paying expenses and general debts. After petitioners are reimbursed there is no property with which to pay the indebtedness against plaintiffs' land unless resort is had to property specifically devised and bequeathed to others. At the time of the trial the executor had on hand approximately $6,500.00, all of which, except $33.13, was proceeds of oil runs from the mineral interests that were specifically devised to petitioners.

Respondents, Mrs. Scott and Mrs. Singleton, instituted this suit against petitioners Currie, the executor and trustee, and the University, the Hospital, the Orphan's Home and the Baptist Church, for the purpose of requiring Currie to pay to The Federal Land Bank of Houston, out of the funds in his hands, an amount sufficient to pay and discharge the indebtedness secured by lien against the land that was devised to respondents. The trial court concluded that the testatrix did not intend that the indebtedness against the section of land devised to respondents should be paid out of other assets of her estate and that she intended that respondents should take the land subject to the encumbrance; that respondents are not entitled to have the indebtedness against the land paid out of the funds in the hands of the executor; and that the executor should use the proceeds of the sale of stocks and bonds in his possession to reimburse petitioners for the proceeds from oil runs that he had used to pay expenses and debts. Judgment was rendered by the district court that respondents take nothing by their suit.

The Court of Civil Appeals reversed the trial court's judgment and remanded the cause, holding that petitioners, together

with other devisees, including respondents, should pay ratably the indebtedness against respondents' land and any other amount necessary to discharge any remaining obligations of the estate. 184 S. W. (2d) 697.

■ We approve the conclusion of the Court of Civil Appeals that devises made to petitioners are specific devises. The testatrix undertook and intended by her will to invest the four petitioners with the ownership of definite and distinct undivided interests in the one-half interest owned by her in the oil, gas and other minerals in five sections and fractional sections of land in Glasscock County. These devises are gifts of parts of testatrix' real property specifically and definitely described. Lake v. Copelan, 82 Texas 464, 468, 17 S. W. 786; 4 Page on Wills, pp. 136-137, Sec. 1400; Thompson's Law of Wills, (2d Ed.) p. 574, Sec. 484. A gift of a certain undivided interest in a definitely desscribed tract or tracts of land is a specific devise. Russell v. Adams, (Com. App.) 299 S. W. 889; 4 Page on Wills, pp. 136-137, Sec. 1400. And a devise of definitely described real property in trust is a specific devise, notwithstanding the trust. In re Hodgkins' Estate, 110 Ore. 381, 221 Pac. 169, 223 Pac. 738. The will directs that Currie, as trustee, make distribution among the four beneficiaries, in proportion to their interests, of proceeds from oil, gas and other minerals produced from the five sections of land, but it clearly discloses the intention on the part of the testatrix to devise to them the beneficial ownership of certain undivided interests in her one-half interest in the oil, gas and other minerals in the land, and it directs payment to them of proceeds from production in virtue of their ownership of the undivided interests. They are devisees of interests in the realty rather than legatees of proceeds of the minerals after being reduced to possesison.

■ We approve also the general rule, discussed in the opinion of the Court of Civil Appeals, that when the testator owes a debt secured by a lien upon specific property belonging to him, the debt, like any other personal debt, is to be paid out of the testator's personal estate, in the absence of provisions in the will showing a contrary intention; and that, as between the devisee or legatee of the encumbered property and a general legatee to whom all the personalty is given, or a residuary legatee or next to kin, the debt must be paid out of the personalty. 4 Page on Wills, p. 296, Sec. 1486; Thompson's, The Law of Wills (2d Ed.) p. 575, Sec. 484; 28 R. C. L., pp. 304-305, Sec. 285.

The foregoing rule, however, does not answer the essential question in this case, which is as to the right of respondents to

have the section of land devised to them exonerated from the lien against it by requiring payment of the debt out of the property devised to petitioners.

The applicable rule is thus stated by Mr. Page, with citation of authorities that support it:

"As between the devisee of the mortgaged property and a devisee of a specific devise * * * the debt must be borne by the devisee of the mortgaged property. * * * Personalty which is specifically bequeathed cannot be applied to the payment of a mortgage debt, since testator's evident intention is to benefit the legatee by the specific gift at all events." 4 Page on Wills, pp. 298-299, Sec. 1486.

The concluding sentence of a section of Ruling Case Law which has for its subject "Devisee's Right to Have Encumbrances Paid Off" is as follows:

"It seems to be generally held, however, that the rule exonerating land at the expense of the legatees is only applicable to residuary legatees and does not affect specific or pecuniary legacies." 28 R. C. L., pp. 304-305, Sec. 285.

An early decision of the Supreme Court of Ohio contains the following often quoted statement:

"It seems to be well settled law, that a specific devisee of land incumbered by a mortgage, cannot, as between him and general pecuniary legatees—and a fortiori he cannot as between him and specific legatees or devisees—avoid the burden of paying the mortgage debt. He takes the land cum onere, unless the debt can be satisfied out of the personal assets, after payment of debts and legacies, out of land descended to the heir, or from some fund provided in the will for its payment. As between him and his co-devisees and legatees, he takes only the equity of redemption in the land devised, and must himself pay the mortgage debt, if it is to be paid." Glass v. Dunn, 17 Ohio St., 413, 422.

The right of the devisee to have realty exonerated from a lien thereon at the expense of legatees has been the subject of annotations of selected cases. Sec. 3 L. R. A. (N.S.) pp. 898-902; 8 Ann. Cas. pp. 592-595; 5 A. L. R. pp. 498-507; 72 A. L. R. 709-717; 120 A. L. R. 577-582. There are many decisions concerning exoneration by resort to personal property of the estate, it being the primary fund for the payment of debts. The established rule as to specific legacies, supported by citation of many authorities, is thus stated in one of the notes:

"Specific bequests or legacies cannot be defeated by appropriating the personal assets of the testator to the payment of encumbrances on his real estate, for the benefit of the heir or devisee thereof. Unless the debt may be satisfied out of the personal assets after paying the debts and such legacies, the personal assets cannot be appropriated to the payment of a lien on the real estate." 5 A. L. R., p. 492.

In none of the annotations above referred to is any case cited as conflicting with the foregoing rule, except French v. Vradenburg, 105 Va. 16, 52 S. E. 695, 3 L. R. A. (N. S.) 898, 8 Ann. Cas. 590, which, it is suggested, may be distinguished from the other decisions by reason of significance attached by the court that decided it to the express direction in the will to pay all debts out of the personal property, 3 L. R. A. (N. S.) 902. The text of Page on Wills and the citations supporting it show a conflict of authority upon the question whether a pecuniary legacy can be abated by the appropriation of the personalty to the payment of the mortgage debt, but the text contains the positive statement, with no reference to any conflicting statement, with no reference to any conflicting authorities, that personalty which is specifically bequeathed cannot be applied to the mortgage debt. 4 Page on Wills, pp. 298-299, Sec. 1486.

We have found no decisions permitting exoneration by resort to realty which has been specifically devised, it being uniformly held that as between the devisee of mortgaged property and a devisee of a specific devise, the debt must be borne by the devisee of the mortgaged property, unless, of course, as is not true in the instant case, the will contains a direction or provision evidencing an intention that the mortgage debt be satisfied out of other property specifically devised. See the authorities which have been cited above and the following: Gould v. Winthrop, 5 R. I. 319, 323; Higbie v. Morris, 53 N. J. Eq. 173, 32 Atl. 372; In re Porter's Estate, 138 Cal. 618, 72 Pac. 173; In re Hodgkin's Estate, 110 Ore. 381, 221 Pac. 169, 223 Pac. 738; Frasier v. Littleton's Extrs., 100 Va. 9, 40 S. E. 108; Huntington National Bank v. Roan (Ohio App.) 43 N. E. (2d) 769; Raines v. Shipley 197 Ga. 448, 29 S. E. (2d) 588; Jarman on Wills (6th Ed.) Vol. 2, p. 581.

One reason assigned for the denial of exoneration out of property specifically devised or bequeathed is that the testator's evident intention is to benefit the devisee or legatee by the specific gift at all events. 4 Page on Wills, p. 299, Sec. 1486. It is also said that the rule "rests upon the familiar and well-

settled principle that securities will never be marshaled to the injury of persons over whom the party invoking the doctrine has no superior equity." French v. Vradenburg, 105 Va. 16, 52 S. E. 695, 3 L. R. A. (N.S.) 898, 903, 115 Am. St. Rep. 838, 8 Ann. Cas. 590.

We have found no Texas case directly in point, although the opinion in Lake v. Copeland, 82 Texas 464, 17 S. W. 786, seems to support the settled rule by implication. In that case the husband left an estate of the value of approximately $29,000.00. He devised and bequeathed to his wife certain real and personal property, valuing each item separately, with a total value of approximately $14,500.00. Similarly, he devised and bequeathed to his daughter various items of property, including a house and lot known as the Jones place, of the aggregate value of approximately $14,500.00. Title to the Jones place failed in part, so that the daughter sustained a loss of $2,000.00. She sued the mother "to establish an interest of one-half her loss' in the mother's share. The court concluded that the paramount intention of the testator was to make division of his property according to value between his wife and daughter, to provide equally for them rather than to give them the very property described, and that to hold that the legacies and devise were specific would defeat this paramount intention. Accordingly, it was held that the devises were demonstrative and that the mother should make contribution for one-half of the loss. The implication is that if the devises had been specific there would have been no right of contribution from what was devised to the mother.

■■ The trial court correctly concluded that the executor should use the proceeds from stocks and bonds, which were not disposed of by the will, to reimburse petitioners for funds from oil runs belonging to petitioners but used by him to pay expenses and general debts. Since all of the funds in the hands of the executor were derived from oil runs from the property specifically devised to petitioners, which property, according to the established rule, cannot be used for the exoneration of respondents' mortgaged realty, the judgment of the district court that respondents take nothing by their suit should be affirmed. The judgment of the Court of Civil Appeals is reversed and the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court May 9, 1945.

Rehearing overruled June 6, 1945.