Lady P. BRADY, Individually and as Independent Executrix of the Estate of Frank T. Brady, Deceased, et al., Appellants,

v.

Gladys NICHOLS et al.

No. 13196.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 16, 1957.

Rehearing Denied Nov. 27, 1957.

Matthews, Nowlin, Macfarlane & Barrett, Lionel R. Fuller, W. P. Nowlin, San Antonio, for Lady P. Brady, individually and as independent executrix of the estate of Frank T. Brady, deceased.·

Vaughan & Vaughan, San Antonio, for E. G. Uhl.

Michael J. Kaine, San Antonio, for Ouida Kendrick.

C. Stanley Banks, Jr., Bradford F. Miller, San Antonio, for Margaret McDowell Davis and husband, William Milton Davis.

Cofer & Cofer, Austin, Thomas Y. Banks, Tyler, for Gladys Nichols.

Andrews, Kurth, Campbell & Bradley, James R. Drury, Houston, for Joe Wilson, individually and as amicus curiae on behalf of Empire Supply Corp.

W. O. MURRAY, Chief Justice.

This is an appeal from a judgment of the District Court of Bexar County, construing the will of Frank T. Brady, deceased. The trial was to the court without the intervention of a jury and resulted in a judgment making a construction of almost every provision in the will, from which judgment Lady P. Brady, individually and as independent executrix of the estate of Frank T. Brady, as well as Gladys Nichols, Margaret McDowell (Davis), E. G. Uhl, and Ouida Kendrick, have each prosecuted separate appeals.

The will of Frank T. Brady, deceased, was dated September 15, 1950, and was wholly in the handwriting of the testator. He left his property to people whom he described as "My beloved sisters and friends."

Frank T. Brady was never married and left as his nearest relatives, a full sister, Lady P. Brady, and a half sister, Ione Hunter.

The will is not well written from a grammatical standpoint, it is not well paragraphed, the sentence structure is defective, and punctuation marks are misused. We here set out the entire will just as it is written, that is, as nearly as it is possible to reproduce it on the typewriter:

"I removed the clip. one (1)
"F. T. Brady

"Will of Frank T. Brady
"City of San Antonio
"State of Texas,
"County of Bexar.
"Know all men by these presents
"That Frank T. Brady of the State and County aforesaid. Being of sound mind and disposing mind and memory and knowing the uncertainty of life and the certainty of death do hereby make and publish this as my last will and testament hereby revoking any and all wills by me at any time herefore made.
"First
"I direct that all my just debts shall be paid out of my estate as soon after my death as possible and profitable
"Second
"I will devise and bequeath unto my beloved Sisters and Friends all the right title
 "Two (2)
interest and possession after my death shall have to my lands tenemenents or rents and personal property whereso-ever and wherever situated
"Third
"As follows my sister Ione Hunter N.C.B. 179 Exc.W. 65.7 ft of E 274.7 ft of S. 24.6 ft of 7 A7 Allen Auto Electric Bldg St. Marys St. Free of all XXXXX incumbrans and debts.
"Forth
"My Sister Lady Brady the three story old Brady Bldg next to the eight story Brady Bldg Part of Lot 1 & 2 W. 9 in of 3 Block 21 N.C.B. 406 Does not include the eight story Brady Bldg also N. 354 of A 21 N.C.B. 162 Rusk St. Free of all incumbrans and debts. xxx also N.C.B. 409 x 5 & S. 84.3′ of 6 A.B.C. Garage on Pecan St. Free of all incumbraces and debts.

"I Hurt my Hand"

F.T.B. Third (3) and my personal property wheresoever situated and all my money in Banks

"Fifth (5)
"To my friend Gladys Nichols Lot 1 & 2 W 9 in of 3 Block 21 N.C.B. 406 The Eight Story Brady Bldg Not the 3 story Three story Bldg that is deeded to my Sister Lady P. Brady Sixth (6) The merchantiz of the Empire Dock & Boat Co. Inc & the Empire Steel Co. of Houston shall be divided as follows 55% to Gladys Nichols 10% Ann Dawson 10% to Joe Wilson 10% to Tony Aguilar 10% to Hal Wilcox 5% Margrit McDowell that is of the Corporation Stock after each pays this share of $500,000.00 to my estate out of the earnings of said corporation This is the total each shall receive. The property ~~new~~ now being used by Empire Steel Co shall rent for $1500.00 per month paid after expenses Taxes & Repairs interest 1/2 to Gladys Nichols 1/2 to Margret Mc-Dowell I will & bequest to Gladys Hichols & Margret McDowell 1/2 each Lot facing 181,. 4 ft on St. Rern-ard and extending back 300 ft along parrell lines in Luke Moore League as shown in Harris County.

"Also the track I bought from Tellepen in the rear of above track. This property shall not be sold as long as Empire Dock & Boat Co. are in business.
 "Four (4)
XXXXXXXXXX & Margret McDow-ell The property can not be sold ever
 property
but interest in ~~same~~ can be bassed on ($100.00 Dollars a month shall be put

aside for upkeep of Bldgs) E. G. Uhl shall receive $200.00 Two Hundred Dollars for life if my estate can afford it.

"Seventh (7)

"All my other properties shall be sold as soon as profitable & Practical to pay Taxes and apply on my debt

"This is in reference to all the properties that I have not listed in my will

"Ouida Kendrick shall have $150.00 One Hundred & Fifty no/100 Dollars on the same basis as Mr. E. G. Uhl if my estate can stand it for life.

"A word of explanation Where I wrote Free of all incumbraces & Debts I mean Loans County & City Taxes and lines if any and all and all Federal and State Taxes if any

"Five (X) (5)

The property Houston Texas known as Empire Steel Co. consisting of two properties 1400 St. Renard to railroad tracks in Rear. · I Will and bequest to Margret McDowell & . xxxx xxxx xxxxx xxx xxxxx xxxxx If the corporation is sold. Until that time the corporation shall pay McDowell $150.-00 one Hundred & Fifty Dollars rent all taxes and expense shall be paid by the Corporation. The property in Corpus Christi shall go to my estate if sold that is the money.

"(7) Seventh

"All my other properties shall be sold as soon as practible & Profitable to Pay Taxes and apply on my Debt This is in reference to all the properties that I have not Listed in my will.

"(6) Sixth

"I will to my friend Margret McDowell the ranch I bought from Mr. Moore with the Turist Courts on Fredricksberg Road and all the ∧ Stock on all my ranches Discribed Vol 3161 Page 542 Bexar County

"Frank T. Brady any other property not Listed goes to my Sister Lady P. Brady

"(6) ~~Sixth~~
"7 Seventh

"(8) Eight

"I do hereby nominate and appoint Lady Brady or if she can not serve for
Gladys
any reason I next appoint Gladis Nichols Sole execut of my will without bond and I specially request no further action thereon be had in the Probate court other than the proof and probate of same and the ~~fell~~ filing of an inventory appraisement and list of claims. This is my last will and Testament have signed in their presents this 15 day of September 1950 A D. anyone who contests this Will is cut out of the will

"Witness
"Anne L. Dawson Frank T. Brady
"E. G. Uhl Frank T. Brady.
 "note
"Pages 1 to ‡ 7 Inc I wish to be creamated
"Frank T. Brady and no Funeral
I tried to make my will as Frank T. Brady
simple as I could in Fact no
Funeral at all also
 "8
 "Frank T. Brady Wish
 "I wish to be creamated and my ashes
 put over my ranch Little Debt.
 "Frank T. Brady"

The trial court construed the will as follows:

That Ione Hunter, the half sister of testator take the Allen Auto Electric Building and the rents and revenues therefrom after the death of testator, free from all debts, taxes and claims and from expense of administration. There is no question raised as to this devise.

That Lady Brady take the three-story Brady Building, the Rusk Street property and the A. B. C. Garage property, and the rents and revenues from said three pieces of property accruing after the death of testator, free from all debts, taxes, claims and expenses of administration.

That none of the above property devised to Ione Hunter and Lady Brady, or the rents and revenue therefrom accruing after the death of testator, be liable for any of the debts or obligations of the estate, except upon the contingency that all other property belonging to the estate be exhausted and some indebtedness remain, in which event the above properties should bear such indebtedness ratably.

That the bequest to Lady Brady of all monies in banks is a special bequest "and includes all moneys in bank and all moneys in bank in his name or otherwise which the testator could have reduced to his possession and control through the exercise of legal rights existing in him at the time of his death."

That the bequest of all other personal property, wheresoever situated, to Lady Brady is a general bequest "and invests the legatee Lady P. Brady only with such personal property, if any, as may remain after all taxes, debts and claims in the estate have been paid."

That the devise to Gladys Nichols of the eight-story Brady Building in San Antonio, Texas, is a specific devise "and the devisee is entitled to so take and receive the same subject to the administration and settlement of the estate as is hereinafter more particularly decreed."

That the bequest of the stock of the Empire Dock & Boat Co. Inc., "55% to Gladys Nichols, 10% to Ann Dawson, 10% to Joe Wilson, 10% to Tony Aguilar, 10% to Hal Wilcox, 5% to Margaret McDowell, * * * after each pays this share of $500,-000.00 to my estate out of the earnings of said corporation," is a specific bequest on the condition subsequent. That "the bequests of the shares of stock of Empire Dock and Boat Co., Inc., to the named legatees in the respective proportions on the stated condition subsequent is construed by the Court to mean and include a gift of all of the shares of stock in said Company and as forgiving and cancelling the indebtedness of said Corporation to testa-

tor represented by the note of the Corporation to the testator, and that indebtedness is construed and declared by the Court to have been fully forgiven by the testator in and under his will. The Executrix of the estate sold all of the said shares of stock of Empire Dock and Boat Co., Inc., in the course of the administration of the estate, by reason of which the condition subsequent upon which said shares of stock were bequeathed was rendered impossible of performance and the said legatees were thereby excused from the performance of that condition. The sale of such shares of stock was made by the Executrix for the preservation of the estate * * *, there being a necessity for sale, and the same having been made for a fair and reasonable price to Empire Supply Corporation, the sale of said shares of stock is confirmed and held to be binding upon all the parties to these proceedings, with proceeds derived therefrom to be used, applied and held by the Executrix as is hereinafter more particularly decreed."

That Margaret McDowell (Davis) takes the two pieces of Houston property occupied by the Empire Steel Company, one being identified as 1400 Bernard Street, which was conveyed to testator by Hyman G. Finger et al., and the other being known as the "Tellepsen property." That the Finger property, at the time of Brady's death was subject to the common lien with the three-story Brady Building and the eight-story Brady Building in San Antonio, Texas, securing the payment of the indebtedness held by the San Antonio Loan & Trust Company, which indebtedness to the extent of $150,000 represented purchase money of the Finger property. That the devise "of said parcel of land to Margaret McDowell (Davis) is subject to that lien to the extent of $150,000 of the principal thereof without right of exoneration out of any other properties or assets of the estate." That the Tellepsen property was at the time of testator's death "subject to a lien securing the payment of the principal indebtedness of $40,000 to Tellepsen Con-

struction Company, representing unpaid purchase money in the acquisition of said property. The devise thereof to Margaret McDowell (Davis) is subject to that purchase money lien without right of exoneration out of any other properties of the estate."

That the provision for payment of $150 rent to McDowell means "that the said Margaret McDowell Davis is entitled to have and receive $150 a month from the time of the testator's death until the sale of" Empire Dock and Boat Co., Inc., "payable only out of the residuary estate as is hereinafter directed."

That the devise to McDowell of the properties on the Fredericksburg Road in Bexar County, is a specific devise of the property known as the "Little Debt Ranch," consisting of 371.07 acres of land, more or less, described in two deeds recorded in the Deed Records of Bexar County, Texas.

That Margaret McDowell also received "under the will as a special bequest, all of the livestock belonging to the testator and located on all of his ranches."

That the provisions in the will for payment of $200 per month to E. G. Uhl and $150 per month to Ouida Kendrick, are bequests of monthly installment amounts "but are payable only out of the properties of the residuary estate as herein decreed, if any, remaining after the payment of all taxes, debts and claims in the estate."

That the two sections designated "Seventh" of the will, directing that all other property be sold as soon as practicable and profitable to pay taxes and apply on debts, and the further provision of the will devising all other property not listed to testator's sister, Lady P. Brady, are in the nature of residual directions and devises which, "together with all of the personal property of the estate other than the livestock bequeathed to Margaret McDowell (Davis), the shares of stock of Empire Dock and Boat Co., Inc., bequeathed to the several parties as named in Section Fifth

of the will, and the moneys in bank, as herein defined, bequeathed to plaintiff Lady P. Brady, comprise the residuary estate and as such is the primary fund for the payment of taxes, debts and claims in the administration of the estate, and the will is so construed."

"That residuary estate embraces all of the property and assets, real and personal, of which the deceased, Frank T. Brady, died seized, Except

"(1) The Allen Auto Electric Building on St. Mary's Street in San Antonio, Texas, devised to Ione Hunter.

"(2) The three-story Brady Building, the Rusk Street property and the ABC Garage property, all in San Antonio, Bexar County, Texas, devised by the testator to Lady P. Brady.

"(3) The moneys in banks as bequeathed to the sister, Lady P. Brady.

"(4) The eight-story Brady Building devised to Gladys Nichols.

"(5) The Houston properties devised to Margaret McDowell (Davis), * * * consisting of the 1400 Bernard Street property devised subject to the common lien existing against it and the eight-story Brady Building and three-story Brady Building to the full extent of $150,000 of the principal thereof, representing its purchase price, and the Tellepsen property subject to the $40,000 vendor's lien representing its purchase price.

"(6) The Little Debt Ranch consisting of the 371.07 acres of land on Fredericksburg Road in San Antonio, Texas, * * * specifically devised to Margaret McDowell (Davis).

"(7) The capital stock of Empire Dock and Boat Co., Inc., * * * and the livestock on all the ranches bequeathed to Margaret McDowell (Davis)."

The judgment decrees that, in the settlement of the estate, the residuary personal and real property and the proceeds thereof shall be used as the primary source for the payment of taxes, debts, claims and expenses of administration. "Should that residuary estate not be sufficient to pay and discharge the same, the Executrix shall use the personal property of the estate that was specifically bequeathed in the will and the proceeds derived therefrom ratably as between the respective specific legatees thereof to the extent necessary for the payment of any remaining unpaid amount of said taxes, debts, claims and expenses of administration, except that no specific bequest nor the proceeds therefrom may be used towards the exoneration of any specific devise which was the subject of a specific mortgage at the time of the testator's death. Should the residuary estate * * * and all of the personal property specifically bequeathed be insufficient to pay the taxes, debts, claims and expenses of administration, * * * the real property specifically devised * * * other than the four parcels devised * * * to Ione Hunter and Lady P. Brady, * * * shall be used ratably as between the respective specific devisees thereof for the payment of any remaining unpaid amounts of said taxes, debts, claims and expenses of administration, except that no such specific devise * * * shall be used towards the exoneration of any other specific devise which was the subject of a mortgage lien at the time of the testator's death, except as is otherwise decreed in connection with the exoneration of the three-story Brady Building."

The judgment further decrees that, should all the property other than the four parcels of real estate devised to Ione Hunter and Lady P. Brady be exhausted, and debts still remain, then such property shall satisfy such remaining obligations ratably.

That as between the legatees and devisees, "the payment of taxes, debts, claims and expenses of administration in the estate and the exoneration of properties from liens shall be paid and made as follows:

"(1) The four pieces of real estate provided in this decree to pass to Ione Hunter and Lady P. Brady free of encumbrances and debts shall be exonerated from the payment of any obligation of the estate of any kind.

"(2) The residuary real and personal property of the estate as herein defined, together with the proceeds from the sale of the stock and the interest of the estate in Empire Dock and Boat Co., Inc., shall be applied to the payment of the expenses of administration, Federal Estate taxes and the State Inheritance taxes * * *, the payment of general creditors of the estate, the exoneration of the mortgage debt against the three-story little Brady Building on a ratable basis of valuation as between that property on the one hand and the value of the other two pieces of property covered by the same common lien held by the San Antonio Loan and Trust Company * * *, and any balance to the exoneration of that same mortgage debt against the eight-story Brady Building with the two pieces of property in Houston, Texas, * * * being and remaining liable for the amount of principal indebtedness of $150,000 and $40,000, respectively, * * * and which said Houston, Texas, property shall not be entitled to exoneration as to that amount of indebtedness and the interest payments made thereon since the testator's death; any part of the residual estate * * * remaining after the payment of debts, taxes, claims and expenses of administration * * * shall be held and retained * * * and used and applied on a pro rata basis between Margaret McDowell (Davis), E. G. Uhl and Ouida Kendrick in the payment of the monthly amounts provided in this decree * * *, the monthly amounts payable to the

said Margaret McDowell (Davis) running from the date of the testator's death to the date of the sale of Empire Dock and Boat Co., Inc. * * *, and the monthly payments to E. G. Uhl and Ouida Kendrick, respectively, to run from the date of the testator's death and continue so long as any part of such residuary estate or the proceeds thereof remain during the life of each, respectively, until such remainder is exhausted or until the death of the Executrix, Lady P. Brady, whichever contingency shall first occur."

That the proceeds from the sale of any property specifically devised or bequeathed and required to be sold to pay debts, including the proceeds from the sale of the Empire Dock and Boat Co. stock, which may remain after the payment of debts, are to be paid to the specific devisee or legatee of such property; and if any of the residuary estate remains after McDowell, Uhl and Kendrick are fully satisfied, such remainder goes to Lady P. Brady.

The judgment then states that "The will is construed to mean and the Executrix is hereby instructed that as between the creditors of the estate of the deceased testator, they are to be paid out of the estate in the order of priority as follows:

"(1) Expenses of last illness, funeral and burial expenses of the testator, court costs and costs and expenses of administration;

"(2) Federal Estate taxes and State Inheritance taxes payable out of the estate by reason of the exoneration therefrom of the four parcels of land devised to Ione Hunter and Lady P. Brady, respectively;

"(3) Debts and claims against the estate, subject to such equitable rights of marshalling to which the holder of any such indebtedness may be entitled."

Various parties have excepted to some of the findings and rulings of the trial court and have presented many points and counterpoints attacking various portions of the judgment.

We will first consider the action of the trial court in construing the provisions of paragraph four of the will as meaning that Lady Brady should take the three-story Brady Building free from all debts, taxes, claims and expense of administration.

■ We are well aware of the fact that in construing the will the intention of the testator should control, where it is possible to determine that intention. Locke v. Wood, Tex.Civ.App., 84 S.W.2d 798.

■ When the entire will is read it appears to us that the testator intended to leave the three-story Brady Building to Lady Brady, free from all incumbrances and debts. In paragraph three of the will testator left to Ione Hunter, his half sister, the Allen Auto Electric Building and followed that devise by the phrase, "Free of all incumbrans and debts." He next left to his sister, Lady Brady, the stree-story Brady Building, also the Rusk Street property and followed this devise by the above quoted phrase. He also left to Lady Brady the A. B. C. Garage, and followed that devise by the above quoted phrase. He next left "my personal property wheresoever situated and all my moneys in Banks," but he did not follow this bequest with the above quoted phrase. We can give this language no other meaning than that where the property was to be free from incumbrances and debts the testator so stated, and where he intended otherwise he did not use the phrase, "free from all incumbrans and debts."

We here copy the fourth paragraph of the will:

, "Forth
"My Sister Lady Brady the three story old Brady Bldg next to the eight story Brady Bldg Part of Lot 1 & 2 W. 9 in of 3 Block 21 N.C.B. 406 Does not include the eight story Brady Bldg also N. 354 of A 21 N.C.B.

162 Rusk St. Free of all incumbrans and debts. also N.C.B. 409 x 5 & S. 84.3′ of 6 A. B. C. Garage on Pecan St. Free of all incumbrances and debts. and my personal property wheresoever situated and all my moneys in Banks."

The contention is made that inasmuch as the word "also" is used between the devise of the three-story Brady Building and the Rusk Street property, that the phrase "Free of all incumbrans and debts" which follows the description of the Rusk Street property should apply to both the three-story Brady Building and the Rusk Street property. The word "also" has a number of meanings. It may mean in like manner, and it may mean in addition. We think it was here used in the sense of in like manner. He left Lady Brady all of his personal property and monies in banks, and did not follow that bequest by the phrase, free from incumbrances and debts. We feel that testator made it perfectly plain that where property was to be free from incumbrances and debts by so stating, and where it was not to be free from incumbrances and debts he said nothing. We, therefore, conclude that he did intend that the three-story Brady Building should be free from incumbrances and debts.

The testator made a number of references to his personal property and his real estate, not specifically devised, and the question arises whether by these references he made a specific bequest of such properties to his sister, Lady Brady, or whether he merely made her a residuary legatee or devisee of such property. The trial court found that the bequest of monies in banks was a specific bequest, but as to the other property it was the intention of the testator to make his sister the residuary legatee and devisee of such property after payment of debts and expenses.

The provisions of the will relevant and material to this matter are as follows: In the first numbered paragraph, testator wrote, "I direct that all my just debts shall be paid out of my estate as soon after my death as possible and profitable." In the fourth numbered paragraph, after making certain other devises to Lady Brady, testator, wrote, "and my personal property wheresoever situated and all my moneys in Banks."

In paragraph numbered Seventh testator wrote, "All my other properties shall be sold as soon as profitable & Practical to pay Taxes and apply on my debt. This is in reference to all the properties that I have not listed in my will."

There were two paragraphs numbered "Seventh." In the second such numbered paragraph testator wrote, "All my other properties shall be sold as soon as practible & Profitable to Pay Taxes and apply on my Debt This is in reference to all the properties that I have not Listed in my will. * * * Any other property not Listed goes to my Sister Lady P. Brady." The last quotation was evidently written some two years after writing the original will.

The trial court held that the effect of all these provisions was to make testator's sister, Lady Brady, his residuary legatee and devisee, with the exception that the bequest of "moneys in Banks" was a specific bequest of such moneys. We agree that "moneys in Banks" was not mentioned in the residuary clause, but in paragraph four of the will, and is therefore a specific bequest. 69 C.J. 929, § 2099; 96 C.J.S. Wills § 1129. The bequest of "my personal property wheresoever situated," in the same paragraph, is not specific in its nature and therefore is a general bequest.

When the will is considered as a whole, it is apparent that testator desired that certain specific property pass to his sister and friends, and that all other property be sold to pay debts, taxes and expenses of administration, and should there remain a balance, he named his sister, Lady Brady, as his residuary legatee and devisee. Such a construction is the only one that will give meaning to all of the provisions of the will.

■ Testator bequeathed the shares of the capital stock of Empire Dock & Boat Co., Inc., as follows: 55% to Gladys Nichols, 10% to Ann Dawson, 10% to Joe Wilson, 10% to Tony Aguilar, 10% to Hal Wilcox, and 5% to Margaret McDowell, "after each pays this share of $500,000 to my estate out of the earnings of said corporation. This is the total each shall receive."

The trial court held that the effect of this bequest was to forgive the indebtedness of some $672,768.68 owed by this corporation to the estate of testator, and further that the bequest was one based upon a condition subsequent, which was waived by executrix when she sold the stock before the legatees had an opportunity to comply with the condition subsequent. However, the trial court held that the sale of the stock was valid and binding upon the legatees of the stock.

■ We do not agree with all of the trial court's holdings. We do agree that it was the intention of the testator to forgive the indebtedness which the Empire Dock & Boat Co., Inc., owed to testator. Testator owned all of the corporate stock of this corporation. The corporation owed his estate some $644,109.02. In the face of this debt the corporation had a capital deficit of $46,746.17. It is not presumed that a testator would do a meaningless thing. If this large indebtedness was not forgiven, the stock of the corporation was worthless, especially if the legatees were required to pay the sum of $500,000 to testator's estate from the earnings of the corporation before they could receive their stock. Briant v. McGown, Tex.Civ.App., 15 S.W. 2d 1110.

■ We also agree with the trial court that the legatees of the corporate stock were excused from performing the condition subsequent when the executrix sold the stock. After the sale it was impossible for the legatees to comply with the condition subsequent. The stock was specifically bequeathed to Nichols, Dawson, Wilson,

Ranch, consisting of 371.07 acres, and that Aguilar, Wilcox and McDowell, in the percentages stated, and they were entitled to receive their specific bequest, subject only to the payment of debts, taxes and expenses of administration of the estate. They were entitled to have all the residuary property of the estate sold and applied upon the indebtedness of the estate, before resort be had to this corporate stock, and then it should be required to pay only its pro rata share of such remaining indebtedness. Long v. Long, Tex.Civ.App., 169 S.W.2d 763; Avery v. Johnson, 108 Tex. 294, 192 S.W. 542; Lange v. Houston Bank & Trust Co., Tex.Civ.App., 194 S.W.2d 797; Seeley v. Hincks, 65 Conn. 1, 31 A. 533; Vol. 4, Page on Wills (3d Ed.), 328–329, § 1498.

■ The will contains numerous provisions for cash payments to different persons, as follows:

"E. G. Uhl shall receive $200.00 Two Hundred Dollars for life if my estate can afford it. * * *

"Ouida Kendrick shall have $150.00 One Hundred & Fifty no/100 Dollars on the same basis as Mr. E. G. Uhl if my estate can stand it for life. * *

"Until that time the corporation shall pay McDowell $150.00 One Hundred & Fifty Dollars rent all taxes and expense shall be paid by the Corporation."

The trial court found that these payments were intended to be monthly installment payments. We do not agree. There is nothing to indicate that they were installment payments, but if they were intended as installment payments, then there is no way to know whether they were to be paid weekly, monthly, semi-annually or annually. These bequests must fail for uncertainty, and in any event cannot be construed as bequests for more than the amounts stated.

■ We agree with the finding of the trial court to the effect that the devise to Margaret McDowell (Davis) of the prop-

erties on Fredericksburg Road is a specific devise of the property known as *Little Debt* McDowell should receive, as a specific bequest, all livestock belonging to testator, located on all of his ranches, at the time of his death. The description in the will is not clear, but when the extrinsic evidence is considered it is clear that testator considered that he purchased the so-called "*Little Debt Ranch*" from Mr. Moore and intended that this ranch, together with the tourist courts, should go to Margaret McDowell (Davis).

 A will speaks as of the date of death of the testator, and when the testator said "all the Stock on all my ranches," he intended all cattle on all of his ranches at the time of his death, and this is definite enough to constitute a specific gift of such cattle.

 We next come to the question of whether the eight-story Brady Building was entitled to exoneration from the indebtedness against it out of the property of the estate not the subject of a specific devise or bequest. The trial court properly held that the eight-story Brady Building was entitled to such exoneration. The authorities are clear on this point. Currie v. Scott, 144 Tex. 1, 187 S.W.2d 551; Russell v. Adams, Tex.Civ.App., 293 S.W. 264, affirmed, Tex. Com.App., 299 S.W. 889; Matthews v. Jones, Tex.Civ.App., 245 S.W.2d 974; Hill v. Thrasher, Tex.Civ.App., 196 S.W.2d 461; Vol. 4, Page on Wills, 296–297, § 1486.

 We do not agree with the trial court's finding that the real estate located in Houston was not entitled to exoneration because the indebtedness against it was for purchase money. The indebtedness was, nevertheless, a personal obligation of testator and entitled to be paid out of the residuary estate so far as that property might be sufficient to pay such indebtedness. When the residuary estate has been exhausted then any indebtedness remaining must be paid pro rata by the property which is covered by specific gifts. There should be no distinction between personal property and real property specifically devised or bequeathed.

We agree with the trial court's holding that no act of Gladys Nichols constituted a contest of the will of Frank T. Brady.

We agree with all constructions placed upon the will by the trial court, except those with which we have expressly differed in this opinion.

The judgment of the trial court is reformed, as herein stated, and as reformed, affirmed.

### On Motions for Rehearing

All of the appellants herein have filed motions for rehearing, and after careful consideration such motions are overruled.

Appellant Lady Brady, in her motion for a rehearing, asks us to clarify our opinion and give definite instructions upon certain specific matters set forth in her motion.

 It will be remembered that the trial court severed the issues of an interpretation of the will from that of an accounting, and that this appeal is only from the severed issues of an interpretation of the will.

We feel that our opinion goes as far as we should upon the severed issue of an interpretation of the will, and that the matters upon which appellant Lady Brady asks us to give further instructions relate more to accounting than to an interpretation of the will. We, therefore refuse to enlarge upon our opinion herein.