LADY P. BRADY, INDIVIDUALLY AND AS INDEPENDENT
EXECUTRIX OF THE ESTATE OF FRANK T. BRADY,
DECEASED, ET AL V. GLADYS NICHOLS ET AL.

No. A-6629. Decided March 26, 1958.
Rehearing overruled April 30, 1958.
(312 S.W. 2d Series 381)

*Matthews, Noelin, MacFarlane & Barrett* and *Lionel R. Fuller*, for Lady P. Brady, *Michael J. Kaine*, for Ouida Kendrick, *Vaughn & Vaughn*, for E. G. Uhl, *C. Stanley Banks, C. Stanley Banks, Jr., John E. Banks*, for Margaret McDowell Davis, all of San Antonio, for petitioners.

*Thomas Y. Banks*, of Tyler, and *Cofer & Cofer*, of Austin for Gladys Nichols, and other respondents.

PER CURIAM:

The opinion of the Court of Civil Appeals in this case is reported at 308 S.W. 2d 100. There are four applications for writs of error, one by Lady P. Brady, Individually and as Independent Executrix, one by Gladys Nichols, one by Ouida Kendrick, and one by E. G. Uhl. The applications of Nichols, Kendrick and Uhl are refused, no reversible error. The application of Lady P. Brady presents one point in which we differ with the opinion of the Court of Civil Appeals. In so far as that opinion holds that the real estate located in Houston is entitled to exoneration pro rata by the property which is covered by specific gifts, it is in conflict with the holding of this court in Currie v. Scott, 144 Texas 1, 187 S.W. 2d 551. In that respect

the judgment of the Court of Civil Appeals is reversed, and reformed so as to decree that the Houston property, which is encumbered by specific liens, is not entitled to exoneration by other property specifically devised or bequeathed, thereby following Currie v. Scott, supra. As reformed, the judgment of the Court of Civil Appeals is affirmed. Rule 483, Texas Rules of Civil Procedure.

Opinion delivered March 26, 1958.

Rehearing overruled April 30, 1958.