Stryk v. Stryk 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING










NO. 03-96-00014-CV







Janice Longoria and John Stryk, Jr., Appellants



v.



Robert Stryk, Individually and as the Independent Executor of 


the Estate of John Stryk, Deceased, Appellee







FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT


NO. 95V-172, HONORABLE DAN R. BECK, JUDGE PRESIDING








 The opinion and judgment issued by this Court on September 18, 1996, are withdrawn and
the following opinion is substituted in its place.

 This is an appeal from a summary judgment in a declaratory judgment action brought by
appellants Janice Longoria and John Stryk, Jr., against appellee Robert Stryk concerning his actions as
independent executor of John Stryk's estate. On cross-motions for summary judgment, the trial court
rendered judgment for appellee approving of his actions in paying partnership debts with estate funds. The
trial court denied all further relief requested by the parties. We will reverse the trial court's judgment.



BACKGROUND


 The material facts are undisputed. John Stryk died in 1994. By his will, he specifically
bequeathed his one-third partnership interest in the Stryk Jersey Farms (the "farm") to his son Robert, who
owned the remaining two-thirds partnership interest. The will also bequeathed the remainder of Stryk's
estate to his four children, Robert, Janice, Mary Ann, and John, Jr., in equal shares. According to the terms
of the will, Robert became independent executor of John's estate. At the time of John's death, the farm was
indebted to Flatonia State Bank in the amount of $104,471.40 on various promissory notes which were
secured by partnership property. John's estate also included $31,878.92 in cash along with other property. 
In administering the estate, Robert applied $25,123.80 towards some of the Flatonia notes. Thereafter,
Robert executed two deeds, transferring the partnership interest to himself and distributing the remainder
of the estate's assets to the four residuary beneficiaries. Robert's payment on the notes reduced the amount
of the cash assets in the residual estate from $31,878.92 to $6,755.12, and reduced the farm's debt from
$104,471.40 to $79,347.20.

 John, Jr., Janice, and Mary Ann (1) filed a declaratory judgment action against Robert seeking
to force him to repay into the estate all funds used to satisfy the farm's debts. Robert counterclaimed,
seeking to have the court validate his actions and rescind the various deeds distributing the estate's assets. 
On cross-motions for summary judgment, the trial court granted judgment in favor of Robert, expressly
validating his actions in using the estate's cash assets to pay the farm's debts. The trial court denied all other
relief. John, Jr., and Janice appeal the trial court's judgment. Robert cross-appeals the trial court's refusal
to set aside the deeds distributing the estate's assets and to award attorneys' fees. 



DISCUSSION


 The standards for reviewing a summary judgment are well established: (1) the movant for
summary judgment has the burden of showing that there is no genuine issue of material fact and that it is
entitled to a judgment as a matter of law; (2) in deciding whether there is a disputed issue of material fact
issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3)
every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. 
Nixon v. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). All parties agree that there
are no disputed material fact issues precluding judgment as a matter of law.

 In two points of error, appellants urge that Robert improperly applied estate assets to pay
farm debts. When John died, the partnership dissolved. Tex. Rev. Civ. Stat. Ann. art. 6132b, §§ 29,
31(4) (West 1970). The dissolution of a partnership does not, however, require that the business cease
operating. See id. §§ 38(2)(b), 41. In the instant cause, the written partnership agreement expressly
provided that, upon dissolution, the remaining partner(s) could elect to continue operating the business. 
Therefore, it was unnecessary to liquidate the business. In fact, there is no record evidence to suggest that
Robert liquidated the business. Furthermore, in the absence of a duty to liquidate, Robert was under no
obligation to immediately pay off the Flatonia notes. Moreover, Robert admitted in deposition testimony
that while the bank never made demands on the notes, he paid them anyway with estate funds. 

 An independent executor serves as a trustee of the estate funds and owes a fiduciary duty
to the beneficiaries. See Humane Soc'y v. Austin Nat'l Bank, 531 S.W.2d 574, 577 (Tex. 1975), cert.
denied, 425 U.S. 976 (1976). As executor, Robert's primary duty was to preserve the assets of the estate
for the distribution to the beneficiaries. Id. at 580. In paying off part of the farm's debt to Flatonia, Robert
increased the value of his interest in the farm and decreased the value of the beneficiaries' interests in the
remainder estate. Well-settled law prohibits executors from seeking personal gain at the expense of the
beneficiaries. Id.

 Robert responds that he was justified in paying the notes because John was personally
liable on the debt. Robert points out that the will ordered that "all my just debts . . . be paid out of my
estate," and therefore, in carrying out the terms of the will, he was required to pay his father's debt on the
notes. It is true that a partner in a general partnership is personally liable for all the partnership debts jointly
and severally with all other partners, and that following death, creditors may satisfy the obligation from the
decedent's personal estate. Gray v. Federal Deposit Ins. Corp., 841 S.W.2d 72, 82-3 (Tex.
App.--Houston [1st Dist.]), vacated and writ dism'd by agr. per curiam, 848 S.W.2d 85 (Tex. 1992). 
In this respect, John and Robert had the same liability on the debt. However, the fact that John was
personally liable on the debt did not make it his personal debt. It is undisputed that the debt was a
partnership debt used to finance partnership interests. Therefore, the will did not authorize Robert to pay
the notes with estate assets.

 To justify his actions, Robert further argues that, as a specific legatee, he was entitled to
receive his father's partnership interest free of debt pursuant to the exoneration-of-liens doctrine. 
According to the doctrine, when a testator owes a debt secured by a lien on specific property, the debt
must be paid from the personal estate so that the beneficiary may receive the property debt-free. Currie
v. Scott, 187 S.W.2d 551, 554 (Tex. 1945); Brady v. Nichols, 308 S.W.2d 100, 111 (Tex. Civ.
App.--San Antonio 1957), modified per curiam, 312 S.W.2d 381 (Tex. 1958). Robert's argument is
misplaced. The doctrine requires that the testator owe the debt. See Currie, 187 S.W.2d at 554; Brady,
308 S.W.2d at 111. Here, the partnership incurred the debt, which was fully secured. Again, John's
personal liability on the debt does not transform it into his personal debt.

 In sum, Robert was not justified in applying estate funds towards paying partnership debts. 
We sustain both of appellants' points of error.

 Robert has raised two points of error on cross-appeal concerning his ability to gain
reimbursement from the estate. Robert contends that in carrying out the terms of the will, he was required
to pay one-third of the partnership's debts on the bank notes, representing his father's partnership interest
in the debt. Robert paid some of this amount from the cash assets of the estate but claims that there is an
additional $9,729.65 to be paid. Robert seeks to rescind the deeds distributing the estate in order to
recoup $9,729.65 and pay off the remaining portion of his father's share of the debt. Therefore, Robert
claims that the trial court erred in refusing to set aside the deeds and/or impose a constructive trust on the
assets. Robert further claims that he is entitled to $10,000 in attorneys' fees for successfully defending
appellants' suit.

 As we have already determined, Robert was not entitled to apply estate funds to the
partnership debts. Therefore, he is not entitled to an additional $9,729.65 to pay any more of the
partnership debts. Furthermore, because we have sustained appellants' points of error and will reverse the trial court's judgment, Robert is not entitled to attorneys' fees as a prevailing party. We
overrule both of Robert's points of error.



CONCLUSION


 Under John Stryk's will, his cash assets were to be divided equally among his four children. 
Three of the residuary beneficiaries brought this declaratory judgment action against their brother Robert,
challenging his $25,123.80 payment from the estate to the Flatonia State Bank. By summary judgment
motion, they asked the trial court to order Robert to repay to the estate for distribution to them
$18,842.85, being their share of the misapplied funds. We hold that Robert was not entitled to apply estate
cash assets to pay the partnership's debts. In doing so, he compromised his duties as executor of the
estate. However, only two of John's children appeal the trial court's adverse judgment in favor of Robert. 
Therefore, we reverse the trial court's judgment and render judgment that Robert be required to repay
appellants' share of the funds applied toward the partnership debt. We remand the cause to the trial court
for entry of judgment consistent with this opinion. Furthermore, we remand the issue of appellants'
attorneys' fees to the trial court for further consideration in its discretion.





 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Reversed and Rendered in Part; Reversed and Remanded in Part

Filed: November 6, 1996

Do Not Publish
1.   Mary Ann is not a party on appeal.



ebt did not make it his personal debt. It is undisputed that the debt was a
partnership debt used to finance partnership interests. Therefore, the will did not authorize Robert to pay
the notes with estate assets.

 To justify his actions, Robert further argues that, as a specific legatee, he was entitled to
receive his father's partnership interest free of debt pursuant to the exoneration-of-liens doctrine. 
According to the doctrine, when a testator owes a debt secured by a lien on specific property, the debt
must be paid from the personal estate so that the beneficiary may receive the property debt-free. Currie
v. Scott, 187 S.W.2d 551, 554 (Tex. 1945); Brady v. Nichols, 308 S.W.2d 100, 111 (Tex. Civ.
App.--San Antonio 1957), modified per curiam, 312 S.W.2d 381 (Tex. 1958). Robert's argument is
misplaced. The doctrine requires that the testator owe the debt. See Currie, 187 S.W.2d at 554; Brady,
308 S.W.2d at 111. Here, the partnership incurred the debt, which was fully secured. Again, John's
personal liability on the debt does not transform it into his personal debt.

 In sum, Robert was not justified in applying estate funds towards paying partnership debts. 
We sustain both of appellant