WORTHEN BANK & TRUST CO. *v.* GREEN, EXECUTRIX.

5-3209 376 S. W. 2d 275

Opinion delivered March 9, 1964.

*Wright, Lindsey, Jennings, Lester & Shults,* By *Edward L. Wright, Jr.,* for appellant.

*Rose, Meek, House, Barron, Nash & Williamson,* By *George E. Campbell,* for appellee.

PAUL WARD, Associate Justice. This litigation has to do with the interpretation of two sections in the will of Miss Lela Owens. The material facts, which are undisputed, are set out hereafter.

At the time the will was executed on June 3, 1960 Miss Owens owned and lived in a house located at 1311 Izard Street in Little Rock—more definitely described in the will. In the THIRD paragraph of her will she devised and bequeathed "my home place at 1311 Izard St. . . ." to the Worthen Bank and Trust Company, in trust, for the use and benefit of her two nephews James and Johnny Ryles (to be turned over to them when the youngest reached 21 years of age). In the FIFTH paragraph of the will the testatrix provided that

"All of the rest and residue of my estate which I may own at my death, including the real estate owned by me . . . I direct to be converted into cash as quickly as can safely be done by my Executrix and delivered by her to the board of trustees of PHILANDER SMITH COLLEGE of Little Rock, Arkansas, for the specific purpose of creating a revolving loan fund to be known as the Lela Owens Student Loan Fund."

Other property was disposed of in the will but it is not involved in this litigation. The last paragraph appointed Lottie Beavers Green, who is the appellee herein, as executrix.

On August 17, 1961 Miss Owens purchased a house and lot located at 2200 Rice Street in Little Rock (more particularly described in the pleadings). On September 28, 1961 she sold her home at 1311 Izard Street to the City Housing Authority, receiving the full sales price therefor. At about the same time she moved to 2200 Rice Street where she lived and maintained her home until her death on July 21, 1962. The will was duly admitted to probate on July 24, 1962.

Due to the developments above mentioned the executrix filed a petition asking the probate court to interpret the will and to "direct her whether or not the property at 2200 Rice Street should be sold and the proceeds delivered to the Trustees of Philander Smith College, or whether said property passed to Worthen Bank & Trust Company in trust for the use and benefit of James Ryles and Johnny Lee Ryles."

The trial court, after finding the facts previously set out, found that the property located at 2200 Rice Street passed under the FIFTH paragraph of the will to the Board of Trustees of Philander Smith College. Thereupon the court directed the executrix to dispose of said property in accordance with the provisions of the will. From this order the bank has appealed, seeking a reversal on the two grounds hereafter discussed.

*One.* It is the contention of appellant that the words "my home place", used in the THIRD paragraph of the will, were sufficient to convey the property at 2200 Rice Street to the bank (in trust for James and Johnny Ryles). To sustain this contention appellant relies on the case of *Milton* v. *Milton,* 193 Miss. 563, 10 So. 2d 175. There the testator devised to his wife "my home place". After the will was executed but before the testator died he sold his (then) home place and bought another home to which he moved. The court there held that the words "my home place" applied to and conveyed the home where the testator lived at the time of his death. We think, however, the language used by the court in reaching its conclusion shows the cited case is not applicable or controlling when applied to the facts of the case under consideration. In part the court said:

"If, when a will is made, the testator owned property embraced therein which he afterwards disposes of, and acquires other property embraced within the same description, and owns it at his death, the will must be applied thereto, unless something therein indicates that the testator does not so intend."

In the cited case it is readily apparent that the words "my home place" described equally well both pieces of property. This is not true in the case under consideration here. In the will Miss Owens described the property as "my home place at 1311 Izard Street in Little Rock legally described as North 33 feet of West 110 feet of Lot 4, Block 233, City of Little Rock, Pulaski County, Arkansas . . ." This description patently does not describe the property at 2200 Rice Street.

The material facts in the case under consideration are very similar to those considered in *Dunlap* v. *Hart,* 274 Mo. 600, 204 S. W. 525, where the Court held, in effect, that where a testatrix devises specific real estate but sells the same and buys other real estate before the will takes effect the later acquired property passes by inheritance to her heirs. The above rule is applicable to the facts in this case, and we think it is sound and

reasonable. The testatrix here had an opportunity to change her will to apply to the property at 2200 Rice if she had wanted to do so.

*Two.* A second ground (related to the one above) relied on by appellant is that the court should not have applied the rule of ademption in this case. The meaning of the word "adeem" is to revoke. The word "ademption" means the act of revoking such as here, the revoking of a devise. It is ably contended by appellant that the rule of ademption should not be used to defeat the *evident intention* of the testatrix—that is (in this case) to put the home place in trust to support and educate her two nephews. Appellant cites cases from other jurisdictions in support of its position, but we find them unconvincing. In our opinion the issue here presented is controlled and must be resolved against appellant by our own decision in the case of *Mee* v. *Cusineau, Executrix,* 213 Ark. 61, 209 S. W. 2d 445. In that case we said:

"At § 341, 28 R.C.L. 345, appears statements of the law to the following effect. The distinctive characteristic of a specific legacy is its liability to ademption. If the identical thing bequeathed is not in existence, or has been disposed of so that it does not form a part of the testator's estate, at the time of his death, the legacy is extinguished or adeemed, and the legatee's rights are gone."

The Court then set out the basis for the above rule of law:

"The reason for this rule as stated in the numerous cases cited in the note to § 543, 68 C.J. 844, is that as the testator no longer owns the property specifically devised, there is no property for the devisee to take, and also that subsequent conveyance of the property by testator after having made a specific devise of it indicates conclusively a change of testamentary intent as to that property."

It is our opinion that the above reasoning is logical and practical, and that it should be followed for the sake of clarity and uniformity. It is applicable to the facts

of this case because the description of the Izard Street property is definite and could not be confused with the description of the Rice Street property. The Izard Street property was sold by Miss Owens almost a year before she died without having made any change in her will.

Accordingly, the order of the trial court is affirmed.

Affirmed.