James R. HURT, Independent Executor
of the Estate of Huling W. Smith,
Deceased et al., Petitioners,

v.

Calvin SMITH and Carol June Smith
Brown et al., Respondents.

No. C–5747.

Supreme Court of Texas.

Nov. 10, 1987.

Rehearing Denied Feb. 24, 1988.

Cullom F. Milburn, Milburn, Hudman, Peterson & Zimmermann, Odessa, for respondents.

James A. Carter, Allen L. Price, Smith, Carter, Rose, Finley & Hofmann, San Angelo, Walter A. Locker, III, McMahon, Cox, Tidwell, McCoy, Hansen & Atkins, P.C., Odessa, W.H. Heatly, Rhodes, Heatherly & Myers, Abilene, Jimmie B. Todd, Todd, Barron, Bridges & McKeel, Odessa, James W. Witherspoon, Witherspoon, Aikin & Langley, Hereford, for petitioners.

## OPINION

HILL, Chief Justice.

This is a will construction case involving a determination of the sequence by which legacies should be charged with taxes due on the estate, the proper classification of bequests, and the entitlements of income earned by assets during estate administration. The trial court ordered that all estate and inheritance taxes should be paid: first, from the personal property residuary as described in section 9 of the will; second, if needed, from the real property residuary in section 7; and third, if necessary, pro rata from the bequests in sections 1, 2, 3 and 8. It further ordered that all income from mineral interests would belong to the beneficiaries under sections 4 and 5, and that all other income would belong to the beneficiaries under the personal property residuary in section 9. In an unpublished opinion, the court of appeals affirmed the judgment of the trial court in part and reversed and rendered in part. We affirm in part and reverse and render in part.

## ESTATE AND INHERITANCE TAXES

██ Huling W. Smith died on January 6, 1984. His will divided his estate among several friends, some relatives, and three charities. Article IV of Smith's will authorized the executor to enter "such proceeding as may be necessary in connection with the determination of my estate or inheritance or other succession taxes which may be due on account of or in connection with my death...." Article VI, § 8 provided that his "just debts, funeral expenses, expenses of last illness, and costs and expenses incurred in the probate of this Will" should be deducted from the charities' bequest. Calvin Smith and the other beneficiaries assert that this provision expressly charged the charities' bequest with all the estate and inheritance taxes. We disagree.

This Court has previously held that reference in a will to "debts and expenses" included only those owing by the testatrix at death, funeral expenses, and administration expenses. *Stewart v. Selder*, 473 S.W. 2d 3, 10 (Tex.1971). Such words are not to be construed as charging estate and inheritance taxes against the particular bequest. We hold that such a result is not changed by the insertion into a will of the language "costs and expenses of probate." Since the testator specifically mentioned estate taxes in Article IV, he could just as easily have specified in Article VI that the property passing to the charities should be charged with such taxes. No such provision exists, and although the question is not free from difficulty, we hold that the phrase "just debts, funeral expenses, expenses of last illness, and costs and expenses incurred in the probate of this Will" does not include estate and inheritance taxes under the circumstances presented in this case. *See Stewart.* 473 S.W.2d at 10.

### CLASSIFICATION OF BEQUESTS [1]

Because we hold that the Smith will does not provide for the payment of taxes, we must classify each bequest in order to determine the sequence by which these legacies should be charged with federal estate and inheritance taxes due on the estate.[2]

██ Once these bequests are properly categorized, the general rule is that estate and inheritance taxes will be charged, to the extent necessary, as follows: first, from the personal property residuary; second, from the real property residuary; third, pro rata from the general bequests; fourth, pro rata from the demonstrative legacies; and fifth, pro rata from the specific bequests. *See Thompson v. Thompson*, 149 Tex. 632, 236 S.W.2d 779, 789 (1951); *see also Sinnott v. Gidney*, 159 Tex. 366, 322 S.W.2d 507, 510 (1959); *Houston Land Trust Co. v. Campbell*, 105 S.W.2d 430, 433 (Tex.Civ.App.—El Paso, writ ref'd).

Article VI of Smith's will devises his estate as follows:

(1) $10,000 cash to Cregory Mayberry;

(2) $10,000 cash to John Mahan;

(3) $10,000 cash to Esther Resendiz;

(4) an undivided one-half interest of all mineral interests to his nephew, Calvin Smith;

(5) an undivided one-half interest of all mineral interests in trust for the children of Calvin Smith;

(6) 23.521 acres of land to Michael and Debora Whittemore;

(7) all real estate not specifically bequeathed in (4), (5), and (6) above to Calvin Smith;

(8) the remaining balance of all cash, checking accounts, savings accounts, certificates of deposit, savings certificates, and money market certificates, after the payment of all just debts, funeral expenses, expenses of last ill-

---

1. Although the old common law made a distinction between bequests, legacies and devises, we use the terms interchangeably in this opinion.

2. The Texas Legislature recently passed an apportionment statute providing how federal estate and inheritance taxes are paid when a testator's will does not provide otherwise. *See* Estate Taxes—Apportionment And Allocation–Liability Of Descendent's Property For Certain Debts And Expenses, ch. 742, § 1, 1987, Tex. Sess.Law Serv. 5323 (Vernon). Because Huling Smith died before September 1, 1987, this statute does not apply to his will. *See id.* § 3.

ness, and costs and expenses incurred in probate;

(a) one-third to West Texas Boys Ranch;

(b) one-third to West Texas Rehabilitation Center;

(c) one-third to Permian Basin Rehabilitation Center for Crippled Children and Adults, Inc.;

(9) all the rest and residue to Calvin Smith and Carol June Smith Brown.

The court of appeals classified the bequests in sections 1, 2 and 3 as demonstrative bequests; the bequests in sections 4 and 5 as general bequests; the bequest in section 6 as a specific bequest; the bequest in section 7 as a real estate residuary; and the bequests in sections 8 and 9 as personal property residuaries. While we agree with the court of appeals' classification of sections 6, 7 and 9, we disagree with the others.

■ Texas law has long recognized that a testator's bequests can be divided into four categories: specific, demonstrative, general and residuary. *See, e.g., Sinnott v. Gidney,* 159 Tex. 366, 322 S.W.2d 507 (1959) (residuary); *Houston Land Trust Co. v. Campbell,* 105 S.W.2d 430 (Tex.Civ. App.—El Paso 1937, writ ref'd) (specific, demonstrative, general). Such classification depends upon the intent of the testator as shown by the entire will. *Lake v. Copeland,* 82 Tex. 464, 17 S.W. 786, 787 (1891). We hold that when classifying bequests in a will, we must consider the testator's intent by looking at the entire dispositive scheme rather than reaching an arbitrary determination based on ritualistic classification. It is necessary to determine, for each item bequeathed in the will, whether the testator intended the property to be disposed of as a specific asset, or merely as a portion of his general estate.

■ With this principle as our guide, a legacy should be classified as specific if (1) it is described with such particularity that it can be distinguished from all of the testator's other property and (2) the testator intended for the beneficiary to receive that particular item, rather than cash or other property from his general estate. *See*

*Campbell,* 105 S.W.2d at 433; *see also* Atkinson, *Law of Wills* § 132, at 732 (1953). Demonstrative legacies are bequests of sums of money, or of quantity or amounts having a pecuniary value and measure, not in themselves specific, which the testator intended to be charged primarily to a particular fund or piece of property. *Campbell,* 105 S.W.2d at 433; *see Law of Wills* § 132, at 134–35; Bailey, *Wills* § 574, at 367–68 (Texas Practice 1968). A legacy is a general bequest if (1) it bequeaths a designated quantity or value of property or money and (2) the testator intended for it to be satisfied out of his general assets rather than disposing of, or being charged upon, any specific fund or property. *See Law of Wills* § 132, at 734–35; *Page on Wills* § 48.2, at 7–8. And finally, a legacy should be classified as a residuary bequest if the testator intended for the gift to bequeath everything left in the estate, after all debts and legal charges have been paid, and after all specific, demonstrative and general gifts have been satisfied. *See Shriner's Hospital for Crippled Children of Texas v. Stahl,* 610 S.W.2d 147, 152 (Tex.1980); *see also Law of Wills* § 132, at 736; *Page on Wills* § 48.10, at 35.

■ In applying these guidelines to the facts of this case, we note that sections 4 and 5 of Smith's will each devised a one-half interest of "all" Smith's mineral interests. *See Brady v. Nichols,* 308 S.W.2d 100 (Tex.Civ.App.—San Antonio 1957), *reformed,* 158 Tex. 382, 312 S.W.2d 381 (1958). Although the bequests do not identify each of the mineral interests owned by Smith, the description is specific enough to distinguish the gifts from the remainder of Smith's property. *Brady,* 308 S.W.2d at 111 (a bequest of "all the Stock on all my ranches" constituted a specific description of all the cattle on all the testator's ranches). In addition, the legacies clearly indicate that Smith only intended for the beneficiaries to receive the mineral interests that he owned when he died, rather than cash or other property from his general estate. Thus, even though the mineral interests passing under sections 4 and 5 are

generically described, the description is definite enough to constitute a specific gift. *See id.: see also Page on Wills* § 48.4, at 16–17; *Law of Wills* § 132, at 732–33.

Section 6 bequeaths a 23.521 acre tract of land. The devise, which is described by metes and bounds, is plainly distinguishable from Smith's other property. Thus, the court of appeals correctly held that the land passing under section 6 is a specific bequest. *Currie v. Scott*, 144 Tex. 1, 187 S.W.2d 551 (1945).

Section 7 devised "all real estate" not specifically bequeathed in sections 4, 5 and 6. Rather than disposing of any particular property, this gift disposes of the real property not bequeathed by other sections of Smith's will; this is typical of a real property residuary clause. Although section 7 does not contain residuary language such as "all of the rest and residue of my real property," the gift nevertheless has the practical effect of a real estate residuary clause. Thus, we agree with the court of appeals' holding that section 7 is a real property residuary clause.

■ Section 8 bequeathed "[t]he remaining balance of all cash, checking accounts, certificates of deposit, savings certificates, and money market certificates I have at the time of my death, after the payment of all my just debts, funeral expenses, expenses of last illness, and costs and expenses incurred in the probate of this Will, shall pass to and vest as follows, to-wit:

(a) One-third (⅓) shall pass to and vest in West Texas Boys Ranch, Tankersly, Texas;—

(b) One-third (⅓) shall pass to and vest in West Texas Rehabilitation Center, a nonprofit corporation with central offices in Abilene, Texas; and—

(c) One-third (⅓) shall pass to and vest in Permian Basin Rehabilitation Center for Crippled Children and Adults, Inc., a nonprofit corporation of Odessa, Texas."

Although this section does not set forth the amount of money or value of the accounts or certificates passing under it, the section identifies the assets and funds bequeathed to the charities. Thus, the legacies passing under section 8 are specific bequests. *See Brady*, 308 S.W.2d 100, 109–11 (a bequest of "all my moneys in Banks" is a specific bequest).

We agree with the court of appeals' holding that section 9 is a residuary clause. As with most residuary clauses, section 9 is the last dispositive provision in Smith's will. More significantly, the section uses the language "all the rest and residue of my Estate...." *See Sinnott v. Gidney*, 159 Tex. 366, 322 S.W.2d 507, 510 (1959); *see also In re Estate of Boultinghouse*, 320 S.W.2d 409, 410–11 (Tex.Civ.App.—El Paso 1959, writ ref'd). Although most residuary clauses deal with personal and real property, section 9 cannot bequeath any real property since section 7 disposes of all Smith's remaining real estate. Thus, section 9 is only a personal property residuary clause.

■ Sections 1, 2 and 3 each bequeath $10,000 cash to one of Smith's friends. Although the legacies disposed of a designated sum of money, they did not bequeath a specific and identifiable fund or article of property, nor were they charged upon such a fund or property. Thus, the gifts passing under sections 1, 2 and 3 are general bequests.

Our analysis, however, does not end here. In ascertaining what we believe to be the intent of the testator as to the priority of payment, it is important to consider these legacies in the overall context of this will. We believe the testator intended for the legacies in sections 1, 2 and 3 to be paid before the bequest in section 8. Sections 1, 2 and 3 provide for legacies of specific dollar amounts of cash, while section 8 refers, *inter alia*, to the "remaining balance of all cash."

■ Under a ritualistic application of the rules governing classification, sections 1, 2 and 3 are general bequests, and section 8 is a specific bequest. Consequently, to the extent that the residuary estate is insufficient to pay the estate tax, these general legacies are exhausted before the specific bequest is reached, under the general

rule discussed earlier herein. We believe, however, that this is an inappropriate result, given the relationship of these two bequests in the overall context of this will. Therefore, although we recognize the legacies in sections 1, 2 and 3 are ordinarily viewed as general bequests, while those under section 8 are classified as specific bequests, we hold that under the facts of this case, the section 8 bequests should be utilized for the payment of estate taxes before those bequests described in section 1, 2 and 3.

## INCOME EARNED DURING THE ADMINISTRATION OF THE ESTATE

■ During the administration of Smith's estate, substantial income was earned by the mineral interests passing under sections 4 and 5 of Article VI and the property passing to the charities under Article VI, § 8. The trial court ruled that the beneficiaries of the mineral interests were entitled to the income earned by those interests during the administration of the estate. The trial court also ruled that the beneficiaries of Article VI, § 9 were entitled to the income earned by the property passing under section 8 of Article VI. The court of appeals affirmed both of these rulings. We affirm in part and reverse and render in part.

Under the Probate Code, the property bequeathed to the charities under Article VI, § 8 vested in the charities immediately upon Smith's death. TEX.PROB.CODE ANN. § 37 (Vernon 1980). As the owners of that property, the charities are entitled to any interest that their property generates. Therefore, from the moment of Smith's death, any income earned by the property bequeathed to the charities belonged to them. Likewise, the income earned by the mineral interests during the administration of the estate also belongs to the beneficiaries of those interests. *See Stiff v. Fort Worth Nat'l Bank*, 486 S.W. 2d 859, 862 (Tex.Civ.App.—Eastland 1972, writ ref'd n.r.e.).

We reverse the judgment of the court of appeals that the charities are not entitled to all of the income generated from the property bequeathed to them. We affirm the court of appeals' judgment that the beneficiaries of the mineral interests are entitled to the income earned by those interests. We reverse the judgment of the court of appeals as to the classifications of the bequests discussed herein and hold that all estate and inheritance taxes are payable; first, from the personal property residuary under Article VI, § 9; second, from the real property residuary under § 7; third, from the specific bequest in § 8; fourth, pro rata from the general bequests in sections 1, 2 and 3; and fifth, pro rata from the specific bequests in sections 4, 5 and 6 to the extent necessary to satisfy all estate and inheritance taxes.