Opinion filed January 5,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00032-CV

                                                    __________

 

                             JUDY
LYNNE BURCHARD, Appellant

 

                                                             V.

 

                      MARK
DAVID BURCHARD ET AL., Appellees



 

                                       On
Appeal from the County Court

                                                          Callahan
County, Texas

                                                       Trial
Court Cause No. 5699

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

Judy Lynne Burchard appeals a summary judgment granted in
favor of Mark David Burchard, Denise Renee Burchard Sandifer, and Curtis R.
Burchard, in his capacity as independent executor of the estate of Joseph David
Burchard.  Joseph David Burchard, Judy’s[1]
husband, died in 2005 and left a will naming Curtis Randall Burchard as
executor.  Curtis filed a petition for declaratory judgment asking the trial
court to construe certain language in the will:

            To
MARK DAVID BURCHARD, DENISE RENE BURCHARD SANDIFER, and, CURTIS RANDALL
BURCHARD, share and share alike, I bequeath my one-third (1/3) undivided
ownership of Sections 23, 26, 27, 28, 35, and 48 in Block 58 and Sections 35,
40, 41, in Block 57 PSL, Reeves County, Texas.  All revenues from these
properties (excluding any sale of such properties) which have been accrued by
JOSEPH DAVID BURCHARD will now accrue to my wife, JUDY LYNN BURCHARD until her
death or remarriage which at such time all will revert to my three children or
their heirs.

 

The
trial court granted a motion for summary judgment filed by Mark and Denise,
holding that the above provision was not ambiguous; granting a fee simple
absolute estate in the properties to Mark, Denise, and Curtis; and granting
Judy a usufructuary interest in the property.  The court further held that Judy
was only entitled to receive revenues generated by the properties from sources
that generated revenue during Joseph’s life for her life.  We reverse and
remand.

In five issues, Judy attacks the factual support for the
trial court’s findings and challenges the finding that the language is
unambiguous.  We will first address the trial court’s finding that the language
is unambiguous.

De Novo Review

            Extrinsic
evidence is admissible to determine a testator’s intent when there is an
ambiguity in the language of the will.  In re Estate of Cohorn, 622
S.W.2d 486, 488 (Tex. App.—Eastland 1981, writ ref’d n.r.e.).  Where a will is
unambiguous, extrinsic evidence is not admissible to show the intent of the
testator.  Id.  Whether the language of a will is ambiguous is a
question of law and is reviewed by this court de novo.  In re Estate of
Slaughter, 305 S.W.3d 804, 808 (Tex. App.—Texarkana 2010, no pet.).  In a de
novo review, the trial court’s decision is accorded no deference.  Id.

Will Construction

            A
court must construe a will to ascertain the intent of the maker.  Eckels v.
Davis, 111 S.W.3d 687, 694 (Tex. App.—Fort Worth 2003, pet. denied).  If a
court can give a certain or definite meaning to words used in a will, it is
unambiguous.  Slaughter, 305 S.W.3d at 808.  The terms of a will are to
be given their plain, ordinary, and generally accepted meanings unless the instrument
shows that such terms have been used in a technical or different sense.  Id.
at 809.  All parts of the will must be harmonized, if possible.  Id. 
Courts must not redraft wills to vary or add provisions to reach a presumed
intent.  Id.  If the meaning of the instrument is uncertain or
“reasonably susceptible to more than one meaning,” the instrument is
ambiguous.  Eckels, 111 S.W.3d at 694.

The Language is Ambiguous

            The
language at issue is ambiguous in that it is reasonably susceptible to more than
one interpretation.  This conclusion follows for two reasons.  First, a
sentence in the will purports to give Judy “[a]ll revenues” that “have been
accrued” by the deceased from the property, excluding revenue from the sale of
the property.  The deceased was describing property that he currently owned;
any revenue from the sale, which would have occurred after his death, would
never have accrued to him.  He, thus, excluded a category of revenue from his
bequest to Judy that was already purportedly excluded by the phrase “which have
been accrued by JOSEPH DAVID BURCHARD.”  This is an ambiguity, and it raises a
question as to what Joseph was giving, or thought he was giving, to his wife.

            Second,
the definitions of the word “accrue” and the phrase “have been accrued” are not
clear from the context in which they are used.   The language could be read to
give Judy only the revenue that Joseph received from the land during his life
or it could be construed to give Judy all revenue from any use of any estate he
owned in the land excluding revenue from the sale. This is dependent entirely
on the definition of “accrue” that one uses.  “Accrue” can mean to “come into
existence as an enforceable claim of right” or it can mean to “accumulate
periodically.”  Black’s Law Dictionary 23
(9th ed. 2009).  Another common definition is “to come about as a natural
growth, increase, or advantage.”  Merriam-Webster’s
Collegiate Dictionary 9 (11th ed. 2004).  The definition Joseph was
using is not apparent.  

In addition, Appellees argue that “have been accrued” is the
present perfect verb form, which connotes “action completed at a past time or
before the immediate present.”  If one uses the definition that Appellees
advance—to come into existence as a legally enforceable claim—it is hard to see
how Judy would get very much revenue from the property going forward.  Suppose,
for example, that, during his life, Joseph had contracted with a company periodically
to harvest timber from the land and pay him an amount based on the weight of
the timber harvested.  If that company had harvested timber the day before Joseph
died, using the definition of accrue advanced by Appellees, Judy would have a
right to the revenue from the harvest because the legally enforceable right to
the revenue had come into existence before Joseph’s death.  However, if that
company had harvested timber the day after Joseph’s death, a legally
enforceable right to payment would not have come into existence or “have been
accrued” to him during his life.  It is hard to see how Judy would have a right
to that revenue based on the interpretation of “have been accrued” advanced by
Appellees.  

However, the language in the will additionally states that,
whatever income she is to receive, she will receive that income for the rest of
her life or until she remarries.  Joseph was, thus, anticipating that there
would be ongoing income from this property that would “accrue” to his wife,
undercutting the idea that Judy was to receive only the income that had become
a legally enforceable right to Joseph during his life.  

            The
idea that this language creates a right to revenue from all sources that
generated revenue during the life of Joseph does not follow from the
interpretation of the text advanced by Appellees.  We cannot say, from the
language of the text alone, what Joseph meant to give to his wife upon his
death.  We, therefore, sustain Appellant’s first and fifth issues.

Appellant’s Second and Third Issues

            Judy
also argues that there is a lack of summary judgment evidence to support
certain findings in the judgment.  In a traditional motion for summary judgment,
a movant must show that there is no genuine issue of material fact and that he
is entitled to judgment as a matter of law.  Sw. Elec. Power Co. v. Grant,
73 S.W.3d 211, 215 (Tex. 2002).  When reviewing a summary judgment, this court
is to take as true all evidence favorable to the nonmovant and indulge every
reasonable inference and resolve any doubts in the nonmovant’s favor.  Id. 


            We
hold that the trial court erred in holding that Mark, Denise, and Curtis had
the right to sell or lease oil and gas and other minerals and receive the
proceeds from such a sale or lease because there was no summary judgment
evidence as to who owned the minerals.  There are statements in the pleadings
that an oil and gas lease had been executed on the property after the death of
Joseph, but pleadings are not proper summary judgment evidence.  Trinity
Universal Ins. Co. v. Patterson, 570 S.W.2d 475, 478 (Tex. Civ. App.—Tyler
1978, no writ).  There is no other evidence in the record as to the nature of
the ownership of the mineral interest.

Judy has requested that this court take judicial notice that
the oil and gas and other minerals are subject to the Relinquishment Act[2]
and are, thus, owned by the State of Texas, with the surface owner acting as
the leasing agent for the State.  Although judicial notice can be taken at any
stage of a proceeding,[3] we decline in
this instance.  The facts that we are asked to take judicial notice of are
contained in a letter from someone who purportedly worked at the Texas General
Land Office.  While it may turn out that the minerals are indeed owned by the
State of Texas, that is an issue that is best resolved by the factfinding
function of the trial court.  We sustain Appellant’s second and third issues.

Appellant’s Fourth Issue

            In
her fourth issue, Judy complains that the trial court granted more relief than
the movants requested in their motion by finding that any oil and gas lease
would be a sale of the property.  See Sci. Spectrum v. Martinez, 941
S.W.2d 910, 912 (Tex. 1997).  We disagree.  The trial court was asked to
determine the ownership of the proceeds of an oil and gas lease in the original
petition for declaratory judgment.  Such a determination would necessarily
include the nature of the ownership of the oil and gas interest.[4] 
We overrule Appellant’s fourth issue.

             
We reverse the summary judgment of the trial court and remand for further
proceedings to determine the meaning of the language in question and the nature
and ownership of the mineral interest in the property.

 

 

                                                                                                ERIC
KALENAK

                                                                                                JUSTICE

 

January 5, 2012

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.









[1]Because most of
the litigants in this case share the same last name, they will be referred to
in this opinion by their first names.





[2]Tex. Nat. Res. Code Ann. §§ 52.171–.190 (West 2011).

 





[3]See Tex. R. Evid. 201(f).

 





                [4]Appellant also
complains under this issue that the summary judgment grants relief to Curtis,
who was not a movant for summary judgment.  We note that Curtis is the original
petitioner for declaratory relief.