OPINION
ASHWORTH, Justice (Retired, Sitting by Assignment).
H.A. Crum and Julia Crum owned approximately 1500 acres of rural land and five town lots in Jack County as part of their community property. They executed a joint and mutual will which contained the following provisions:
THIRD: We each hereby give, devise and bequeath to the other, — that is to say, the one of us to first become deceased gives, devises and bequeaths to the survivor, — so long as he or she may live, under joint control as hereinafter set out, all of our property of whatsoever character and wheresoever located, which remains after the terms of this will are carried out. We direct that upon the death of the survivor all of our property remaining shall be equally divided between our children. Said children being J.A. Crum, Luther Crum, P.L. Crum, H.A. Crum Jr., Ira Crum, Ivey Crum, Pearl Easter and Rubye Crum, each receiving share and share alike.
FOURTH: We each hereby nominate and appoint the other an Executor of this will, also we do nominate and appoint our son J.A. Crum as Co-Executor of this will, and direct that the two (survivor and J.A. Crum) be Joint Executors and that no bond or other security be required of them, that they as Executors shall have full power and authority to manage, control and dispose of all of our property as they may see fit and without the Joinder or consent of our body heirs.
H.A. Crum died on October 1, 1934, and the will was thereafter duly admitted to probate. On June 7, 1961 Julia Crum “for herself individually, and Julia E. Crum and J.A. Crum as executors of the will and estate of H.A. Crum, deceased” conveyed the mineral estate of a 133.34 acre tract in Jack County to J.A. Crum and Earl Shepard. J.A. Crum later conveyed his mineral rights in the land to appellee Wilmer Crum, who then obtained quitclaim deeds to the property from six of the Crum children.
Appellants in this cause are the heirs of H.A. Crum, Jr. and Ira Crum. On February 16, 1984 appellants filed suit for an accounting claiming ownership of an undivided interest in the subject mineral estate. The trial was to the court and resulted in a *827 judgment which denied appellants any recovery. We affirm the judgment of the trial court.
Appellants contend in two points of error that the original mineral deed of June 7, 1961 was void insofar as it purported to convey a one-half interest in the mineral estate to J.A. Crum. Appellants’ initial argument is that Julia Crum received no more than a life estate in the subject property under the will. Secondly, appellants maintain that even if Julia Crum had the power to dispose of the property as executrix, the conveyance in question was invalid because J.A. Crum could not legally act as co-executor/grantor and also be the grantee. We hold that Julia Crum had the power to convey and did convey the subject mineral estate in distribution of the H.A. Crum estate.
The first sentence of the third paragraph of the joint will seems to devise a life estate to Julia Crum. (“[S]o long as he or she may live”.) The very next sentence, however, speaks in terms of “property remaining,” and thus clearly gives her the power to dispose of the fee title to any estate property. See Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876, 878 (1948); Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, 825 (1945). Appellants argue that the “joint control” language of the third paragraph is a distinguishing term which makes Harrell and Edds inapplicable and prevents Julia Crum from disposing of the fee. We disagree.
The fourth paragraph of the will empowers Julia Crum and J.A. Crum to “manage, control and dispose of” all estate property. Thus there can be no doubt that the grantors of the subject mineral deed had the capacity to convey a fee simple interest, or any smaller estate in the property, to any legitimate grantee. See, e.g., Dickerson v. Keller, 521 S.W.2d 288, 292 (Tex.Civ.App.—Texarkana 1975, writ ref’d n.r.e.). The only question remaining, then, is whether J.A. Crum was a permissible grantee.
Appellants contend that the conveyance by Julia Crum and J.A. Crum to J.A. Crum is rendered void by TEX.PROB.CODE ANN. sec. 352 (Vernon 1980), which prohibits a personal representative of an estate from buying estate property. In this regard, the trial judge made the following findings of fact and conclusions of law:
FINDINGS OF FACT
2. The deed from Julia Crum and J.A. Crum to J.A. Crum concerning the minerals in question was made in the furtherance of a plan of division of the Estate of H.A. Crum.
CONCLUSIONS OF LAW
2. Distributions to personal representatives made in distribution of an Estate are not rendered invalid by Texas Probate Code Section 352.
The evidence at trial showed that the 1500 acres owned by H.A. and Julia Crum were easily capable of division and that the distribution of that property among their eight children took the Crums more than forty years and began long before H.A. Crum died. Thus there was evidence to support the trial judge’s finding that the conveyance was made in distribution of the estate. That such a conveyance avoids the proscriptions of sec. 352 of the Probate Code cannot seriously be questioned. We hold that the mineral deed of June 7, 1961 was a valid contract of conveyance from Julia Crum and the H.A. Crum estate to J.A. Crum and that appellants have no interest in the property. Appellants’ two points of error are overruled, and the judgment of the trial court is affirmed.