**AMERICAN FINANCE AND INVEST-MENT COMPANY and John Trien, Appellants,**

v.

**Nicholas HERRERA III, Dependent Administrator of the Estate of Isabel Herrera, Deceased, Appellee.**

**No. 08–99–00180–CV.**

Court of Appeals of Texas, El Paso.

June 1, 2000.

Ken Slavin, Brower & Slavin, Larry Baskind, Baskind, Samaniego & Hosford, P.C., El Paso, for Appellants.

Richard Yetter, El Paso, for Appellee.

Before Panel No. 1, LARSEN, McCLURE, and CHEW, JJ.

## *OPINION*

SUSAN LARSEN, Justice.

This appeal concerns the validity of a warranty deed, executed by an independent executrix to herself individually, where the deeded property had been devised to her under her grandmother's will. American Finance and Investment Company and John Trien, subsequent purchasers for value, appeal the probate court's order setting aside the deed and returning the property to the estate. For the reasons

set out below, we reverse the trial court and vacate the order.

## FACTS

Isabel Herrera's original will devised all her property in equal shares to her four children, her granddaughter, and her grandson. The will also appointed her granddaughter, Elizabeth Ann Mendoza, independent executrix of her estate. Ms. Herrera also executed a codicil to the will with several specific bequests, including one leaving to Elizabeth the "[p]roperty located in the west side of Socorro with [the] house on it as shown in the description on Exhibit 'A' with everything inside the house...." Presumably, "Exhibit A" was a property description, but it was not attached to the codicil, nor has it ever been found.[1] Isabel Herrera died in October 1993. Her will and codicil were admitted to probate, and letters testamentary were issued to Elizabeth Mendoza as independent executrix. No contest to the will or codicil has ever been filed, and the deadline for doing so has long passed.[2]

On May 8, 1995, Elizabeth Mendoza executed a warranty deed from herself as executrix of the estate to herself individually, for the property located at 548 Nicholas, and consisting of all of Tract number 2, Block number 19, in the Socorro Town Grant, El Paso County, Texas, and containing (1.12) one and twelve hundredth acres of land, as shown in the map for El Paso County, Texas. The deed did not specify any consideration.[3] Elizabeth Mendoza then borrowed $30,000 from American Finance and Investment Company, intended for improvements to the 548 Nicholas property. The loan was reflected in a promissory note and secured by a deed of trust on the Nicholas property.[4] Ms. Mendoza defaulted on the note, American Finance foreclosed on the property and then bought it at sheriff's sale for $34,401.46. Some months after acquiring title, American Finance sold the property to John Trien.

Meanwhile, Nicholas Herrera III filed a motion to remove Elizabeth Mendoza as independent executor for failing to conduct an inventory and accounting of the estate. The trial court removed Mendoza and appointed Nicholas Herrera III dependent administrator of the estate. Herrera filed an inventory, appraisement, and list of claims, approved by the trial court, in January 1997. The inventory lists no debts owed by the estate.

Nicholas Herrera III also filed a motion to set aside the warranty deed transferring 548 Nicholas to Mendoza, and to have the property returned to the estate, accompanied by a notice of lis pendens. After hearing, the trial court determined the conveyance violated Texas Probate Code Section 352. It ordered the warranty deed set aside and the property returned to the estate of Isabel Herrera. The trial court entered findings of fact and conclusions of law. The sole conclusion of law was:

That the alleged conveyance by Elizabeth Ann Mendoza in her capacity as the Independent Executrix under the Will of Isabel Herrera, deceased is in violation

---

1. Similarly, Ms. Herrera devised to her grandson, Nicholas Herrera III, (appellee here) the "[p]roperty located in the east side of Socorro as shown in the description on Exhibit 'B'...." There is no "Exhibit B" attached to the codicil, nor to be found in the record.

2. TEX. PROB.CODE ANN. § 93 (suit to contest the validity of a will must be filed within two years of admission to probate).

3. Raul, Jesus, Alicia, and Nicolas Herrera Jr. (the children of Isabel Herrera) each executed

a special warranty deed to convey to Elizabeth any interest they might have inherited from the estate of Nicolas C. Herrera (Isabel's late husband and their father), in the property located in Tract No. 2, Block 19, Socorro Town Grant, in El Paso County, Texas, and containing one and twelve hundredth acres of land (1.12), as shown in map made for El Paso County, Texas.

4. Exhibit A was attached to the deed of trust and contained the metes and bounds legal description for the property.

of Section 352 of the Probate Code of the State of Texas.

The subsequent purchasers, American Finance and Trien, appeal.

## STANDARD OF REVIEW

When the trial court enters findings of fact and conclusions of law, the appellate court will review the legal conclusions independently to determine their correctness.[5] Conclusions of law are not binding upon appellate courts; instead, the appellate courts are free to draw their own legal conclusions.[6] A trial court has no discretion in determining what the law is or applying the law to the facts.[7] As this appeal concerns solely issues of law, this court will review the trial court's conclusion de novo.[8]

### Probate Code Section 352

■ In their first issue on appeal, American Finance and Trien urge that Mendoza's acquisition of the property described in the warranty deed was not a purchase, and therefore did not implicate Texas Probate Code Section 352. That section of the Probate Code provides:

> [T]he personal representative of an estate shall not become the *purchaser,* directly or indirectly, of any property of the estate sold by him . . . .
>
> . . .
>
> If a *purchase* is made in violation of this section, any person interested in the estate may file a written complaint with the court in which the proceedings are pending . . . after hearing and proof, such sale shall be by the court declared void, and shall be set aside by the court

and the property ordered to be reconveyed to the estate.[9]

American Finance and Trien contend that Elizabeth's conveyance to herself did not violate this section, because title to the property immediately vested with her upon the death of her grandmother. Under Texas Probate Code Section 37, when a person dies leaving a will, all of his or her estate devised or bequeathed by such will, shall vest immediately in the devisees or legatees of such estate, subject to the payment of the debts of the testator.[10] So long as the estate owed no debts, American Finance argues that title vested immediately in Elizabeth as the devisee of the property, upon her grandmother's death. It follows that the warranty deed reflecting a transfer from Mendoza as executor to Mendoza as beneficiary did not result from a purchase, and did not violate Texas Probate Code Section 352. We agree.

■ Elizabeth Mendoza testified that the estate of Isabel Herrera owed no debts. Likewise, the inventory filed by appellee Herrera reflects no debts were owed by the estate. Mendoza testified that the house located at 548 Nicholas was what the codicil referred to as the "[p]roperty located on the west side of Socorro with [the] house on it . . . ." Nicholas Herrera also testified that the house at 548 Nicholas was the property that his grandmother had left to Elizabeth. Contrary to Herrera's assertion that the bequest in the codicil is a "nullity" because there was no legal description and therefore the property in question could not be identified, we find the property was described sufficiently to identify it, and there is no real con-

5. *See Old Republic Ins. Co. v. Fuller,* 919 S.W.2d 726, 728 (Tex.App.—Texarkana 1996, writ denied).

6. *Austin Hardwoods, Inc. v. Vanden Berghe,* 917 S.W.2d 320, 322 (Tex.App.—El Paso 1995, writ denied).

7. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992).

8. *See id.*

9. TEX. PROB.CODE ANN. § 352(a), (e) (Vernon Supp.2000) (emphasis added).

10. TEX. PROB.CODE ANN. § 37 (Vernon Supp. 2000).

troversy as to what the testator intended.[11]

■ We find that Elizabeth took the property located at 548 Nicholas under the will, unencumbered by debt. Accordingly, there was no violation of Section 352.[12] The transfer of property by the executor of an estate, to herself, is not rendered invalid by Section 352 if it is in accordance with the testator's distribution scheme.[13] Since this conveyance merely reflected a bequest under the will, and the transfer had already occurred upon the death of Isabel Herrera, it was not a purchase and is not proscribed by Section 352.[14] Appellants' first issue on appeal is sustained.

### Probate Code Section 188

■ Appellants argue in their second issue on appeal that John Trien is a bona fide purchaser for value such that his interest should be protected against claims by the estate. Again we agree.

■ Under Texas Probate Code Section 188, when an executor has performed any acts in her capacity as executor and in conformity with the law, such acts shall continue to be valid as to the rights of innocent purchasers of any property of the estate from such executor, for valuable consideration, in good faith, and without notice of any illegality in the title to the property, even if such acts may later be set aside, annulled, or declared invalid.[15] A purchaser in good faith may rely on the apparent regularity of probate proceedings and the apparent authority of a duly quali-

fied independent executor in selling the property of the estate and need not inquire into matters outside the record that might affect the executor's authority.[16]

Here, Cliff Eisenberg, President of American Finance, testified that his company loaned Elizabeth Mendoza $30,000 for property improvements. The property used to secure the loan was located at 548 Nicholas. A title company searched the title to the property beforehand. Eisenberg was not aware of anything in the title to cause concern. After Mendoza defaulted on the loan, American Finance gave notice to cure, and to accelerate the note, before proceeding to foreclosure. On December 5, 1995, American Finance purchased the property through the foreclosure sale. After several failed attempts by the borrowers to redeem the property, American Finance sold the property to John Trien. For the sale to Trien, the title was again searched, revealing no defects of title.

John Trien testified that he bought the property at 548 Nicholas from American Finance. He financed a portion of the purchase price and borrowed $40,000. When he made the purchase, he was not aware of any problems or claims by the estate of Isabel Herrera. He received a title policy from Commonwealth Land and Title Co. for the property. Immediately after the purchase, he began making improvements in the property and spent an additional $35,000–45,000.

---

11. *See Hurt v. Smith*, 744 S.W.2d 1, 4 (Tex. 1987) (a specific bequest is one described with such particularity that it can be distinguished from all of the testator's other property); *see, e.g., Brady v. Nichols*, 308 S.W.2d 100, 104, 110–11 (Tex.Civ.App.—San Antonio 1957) (description "the ranch I bought from Mr. Moore with the Turist Courts on Fredricksberg Road" sufficient identification for specific bequest), *aff'd as reformed*, 158 Tex. 382, 312 S.W.2d 381 (1958).

12. *See Interfirst Bank–Houston, N.A. v. Quintana Petroleum Corp.*, 699 S.W.2d 864, 873 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (sale of stock by executrices to

nephews did not constitute violation of Section 352, where purchase was not made directly or indirectly by executrices).

13. *See Crum v. Taylor Exploration, Inc.*, 710 S.W.2d 825, 827 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.).

14. *See id.*

15. Tex. Prob.Code Ann. § 188 (Vernon 1980).

16. *Dallas Services for Visually Impaired Children, Inc. v. Broadmoor II*, 635 S.W.2d 572, 577 (Tex.App.—Dallas 1982, writ ref'd n.r.e.).

We hold that American Finance was entitled to rely upon the deed records and those of the probate court, as well as the executor's authority to make the conveyance when it purchased the 548 Nicholas property after foreclosure. Similarly, Trien was entitled to rely on the regularity of the records when he purchased the property from American Finance. Neither had any notice of arguable title defects. Trien's good faith purchase for value and without notice of any defects of title is protected against subsequent claims by the estate.[17] Appellants' second issue on appeal is sustained.

## CONCLUSION

As title to the property vested in Elizabeth Mendoza under the will upon the death of her grandmother Isabel Herrera, the warranty deed from herself as executor to herself as beneficiary did not reflect a "purchase" within the meaning of Texas Probate Code Section 352, and therefore no violation of that section occurred. The trial court's conclusion finding such violation was error.

Moreover, as third party purchasers for value, American Finance and Trien are protected from any invalid acts by the executor under Texas Probate Code Section 188. The trial court's failure to recognize such protection was also error.

We reverse the trial court's order setting aside the warranty deed dated May 8, 1995 and reconveying the property to the estate. The order is vacated. We further order that the lis pendens filed by Nicholas Herrera III on October 31, 1996 be cancelled. The cause is remanded for further proceedings consistent with this opinion.

---

17. TEX. PROB.CODE ANN. § 188 (Vernon 1980).